## MATTER OF DEJONG

### In Exclusion Proceedings

### A-22461648

### *Decided by Board May 23, 1979*

(1) In proceedings before the Board, an *amicus curiae* is not a party to the proceedings, but is a participant only for the benefit of the Board in cases of general public interest, and serves this purpose by making suggestions to the Board, by providing supplemental assistance to existing parties and by insuring a complete presentation of difficult issues so that the Board may reach a proper decision.

(2) In a motion to reconsider a Board decision, the moving party must be requesting reconsideration of points previously raised by one of the parties and dealt with by the Board in its decision.

(3) In a case involving the question of the jurisdiction of an immigration judge under section 235(b) of the Act, 8 U.S.C. 1225(b), to consider the admissibility of alien crewman, the Seafarer's International Union of North America had no right to move for reconsideration of the Board's decision because it was not a party to the proceedings, but participated in the proceedings only as an *amicus curiae*, and in addition, raised a point not advanced by either party to the proceedings. See *Knetsch* v. *United States*, 364 U.S. 361, 370 (1960).

In re: JOLLE DeJONG, Master of the Motor Tanker "DOSINA" and other crew members.

EXCLUDABLE:   Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrants—not in possession of immigrant visas

ON BEHALF OF APPLICANTS:
Howard Schulman, Esquire
Schulman, Abarbanel & Schlesinger
350 Fifth Avenue
New York, New York 10001

Counsel of record:
Donald L. Sapkir, Esquire
Edward D. Ranson, Esquire
Robert B. Yoshitomi, Esquire
Lillick, McHose & Charles
Two Embarcadero Center
San Francisco, California 94111

AMICUS CURIAE:
Richard H. Markowitz, Esquire
Markowitz & Glanstein
50 Broadway
New York, New York 10004

Carl C. David, Esquire
Alvord and Alvord
346 West 17th Street
New York, New York 10011

BY: Milhollan, Chairman; Maniatis, Appleman, and Maguire, Board Members. Board Member Farb abstained.

In a decision dated July 11, 1977, an immigration judge found the applicants, the master and 36 crewmen of the M/T "Dosina", inadmissible under section 212(a)(20) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(20), and ordered them excluded and deported. The immigration judge then certified his decision to this Board. In a decision dated July 14, 1978, this Board reversed the immigration judge's decision and terminated the exclusion proceedings. The basis of this reversal was the Board's finding that the aliens involved were crewmen within the meaning of section 101(a)(15)(D) of the Act, 8 U.S.C. 1101(a)(15)(D), and as such were not amenable to exclusion proceedings, but rather only to the procedures set forth in section 252(a) of the Act, 8 U.S.C. 1282(a), governing crewmen specifically. The Seafarer's International Union of North America (SIUNA), which submitted a brief as *amicus curiae* to the Board when the case was certified to the Board by the immigration judge, now moves the Board to reconsider its decision of July 14, 1978, reversing the immigration judge's decision. The motion will be denied.

In its motion, the SIUNA has combined two objectives: its desire to press the point that it is an interested party with standing in this case, and its opposition to the Board's finding that the immigration judge's decision was incorrect.[1] Both of these objectives, however, have been melded into one theory in essence: that reconsideration is mandated because the economic interests of the Union's members are affected by the decision. This proposition, however, tends to ignore the major issue in dispute in the Board's decision. This issue was the question of the immigration judge's jurisdiction to consider the admissibility of the alien crewmen who had applied for temporary permission to land in the United States.

The Board analyzed this question in two steps. The first was the question of resolving whether or not the aliens involved were crewmen. The Board concluded that they were, after considering the points raised both on oral argument before the Board and in the various briefs filed by the ship's crew, the Service, and several *amicus curiae*, among them the SIUNA. The seond step was deciding whether or not the immigration judge had jurisdiction under section 235(b) of the Act, 8 U.S.C. 1225(b), to consider the admissibility of alien crewmen. Again, after considering the points raised, the Board concluded that he did not, and ordered the exclusion proceedings terminated.

This end result, the termination of the proceedings, it should be pointed out, was the object of both the aliens involved and the Service, who had contended from the beginning that the exclusion proceedings

---

[1] We note that the file contains two motions with the same points contained in them. We have treated them as one.

had been improperly begun. The SIUNA became involved in the proceedings only as an *amicus curiae* pursuant to 8 C.F.R. 292.1(d) because the Board considered the issues raised to be important.[2] In proceedings before the Board, an *amicus curiae* is not a party to the proceedings but is a participant only for the benefit of the Board in cases of general public interest. An *amicus curiae* serves this purpose by making suggestions to the Board, by providing supplemental assistance to existing parties and by insuring a complete presentation of difficult issues so that the Board may reach a proper decision. The Union here was never a party to the proceedings and we do not consider the fact that an *amicus* brief was filed sufficient grounds for the Union to enter a motion to reconsider our decision. To do so, would be to allow the Union to reopen the proceedings, an action to which neither the aliens involved nor the Service have given their assent. We know of no legal principle which would dictate such a result, particularly where the major contention of the Union is not a point advanced in argument by the aliens involved, or by the Service. See, *Knetsch* v. *United States*, 364 U.S. 361, 370 (1960).

In addition, even if the union had the right to move for reconsideration, the motion would have to be considered defective. While, as previously noted, the motion appears to combine two objectives, the only basis for reconsideration offered is that the Union has substantial economic interests in the matter, as the alien crewmen compete with United States seamen for the same jobs and the interests of these seamen have not been adequately represented in the proceedings. In this regard, the Union contends that the regulatory function of exclusion proceedings concerning aliens who seek employment in the United States cannot be denied, and the primary purpose of the Immigration and Nationality Act is to protect United States labor from the influx of foreign labor.

While we will not pass judgment on these assertions, we must point out that the economic effect of such alien crewmen was not the issue before the Board. The question was a narrow one of the jurisdiction of the immigration judge under the statute to consider an alien crewman's admissibility when he has applied for temporary permission to land. Under section 235(b) of the Act, an immigration judge clearly has no such jurisdiction. The union does not address this issue in its motion to reconsider. Even if we were to find that the Union had the right to file such a motion, it has not asked the Board to reconsider the only two points which were before the Board, namely whether or not the aliens were crewmen, and if they were, whether or not the immigration judge had the specified jurisdiction over them. The economic detriment to

---

[2] "The Board may grant permission to appear, on a case-by-case basis, as *amicus curiae*, to an attorney or to an organization represented by an attorney, if the public interest will be served thereby."

United States seamen represented by the Union, caused by alien crewmen, is therefore irrelevant to the jurisdictional issue. The Union's argument that its members' interests can only be protected if the proceedings are reopened tends to assume that a purpose of the Board's review was to protect these interests. This ignores the fact that the sole purpose of our review was to insure that the Immigration and Nationality Act was properly interpreted as it related to the jurisdiction of an immigration judge in regard to alien crewmen. For these reasons the motion to reconsider will be denied.

**ORDER:** The motion is denied.

Board Member Ralph Farb abstained from consideration of this case.